359 F.2d 766
 In the Matter of Jack KAMSLER, Alleged Bankrupt-Appellant,
v.
MINNESOTA MINING & MANUFACTURING COMPANY, Inc., Hamilton
Watch Company, Inc., and Sundstrand Aviation
Division of Sundstrand Corporation,
Petitioning Creditors-Appellees.
 No. 15275.
 United States Court of Appeals Seventh Circuit.
 April 20, 1966, Rehearing Denied April 29, 1966, (en banc)
 
 J. L. Kamsler, pro se.
 Milton O. Gordon, Chicago, Ill., Brown, Stine & Cook, Chicago, Ill., of counsel, for appellee.
 Before CASTLE, KILEY, and SWYGERT, Circuit Judges.
 PER CURIAM.
 
 
 1
 The alleged bankrupt appeals from an order of the district court vacating the dismissal by a referee in bankruptcy of an amended creditors' petition for an adjudication of bankruptcy. The creditors' amended petition attempted to charge the alleged bankrupt with the removal of certain assets to an unknown place with the intent to hinder, delay, or defraud his creditors. The referee dismissed the petition without leave to amend on the ground that it failed to set forth facts with sufficient particularity to apprise the alleged bankrupt of the charges he would be required to meet. The district court vacated the referee's order of dismissal and granted the creditors ten days leave to file a second amended petition.
 
 
 2
 The allegations of the creditors' petition were sufficiently particularized to survive a motion to dismiss, and to require an answer.[1] In re Holle, 220 F.2d 850, 852 (7th Cir. 1955). The order of the district court shall be modified to excuse the filing of a second amended petition.
 
 
 3
 The order is affirmed as modified.
 
 
 
 [1]
 The creditors' amended petition sufficiently alleged an act of bankruptcy within the meaning of section 3(a)(1) of the Bankruptcy Act, 11 U.S.C. 21(a) (1), as follows:
 Within four months next preceding the filing of this petition, the said Jack Kamsler, while insolvent, and being unable to pay the above obligations as they matured in the regular course of business, committed an act of bankruptcy in that, on or about July 15, 1964, he removed, or caused to be removed, certain of his property, consisting of tape recorders, watches, curtain brass, stainless steel rods, and aluminum bars from his warehouses at * * * Chicago, Illinois, to another place in the State of Illinois, unknown to your petitioners, with intent to hinder, delay, or defraud his creditors. * * *